| | |
|---|---|
| ANTONIO M. LAWSON, SBN 140823<br>LAWSON LAW OFFICES<br>160 Franklin Street, No. 204<br>Oakland, CA  94607<br>(510) 419-0940<br>(510) 419-0948 (fax)<br><br>AJ KUTCHINS, SBN 102322<br>PO Box 5138<br>Berkeley, CA 94705<br>(510) 841-5635<br>(510) 841-8115 (fax)<br><br>JACK W. LEE, SBN 71626<br>SEAN TAMURA-SATO, SBN 254092<br>MINAMI TAMAKI LLP<br>360 Post Street, 8th Floor<br>San Francisco, CA 94108<br>(415) 788-9000<br>(415) 398-3887 (fax)<br><br>SHEILA Y. THOMAS, SBN 161403<br>LAW OFFICES OF SHEILA THOMAS<br>5260 Proctor Ave.<br>Oakland, CA  94618<br>(510) 339-3739<br>(510) 339-3723 (fax)<br><br>KENDRA L. TANACEA, SBN 154843<br>1387 Waller Street<br>San Francisco, CA 94117<br>(415) 753-8844<br>(415) 753-8849(fax)<br><br>Attorneys for Plaintiffs | BRIAN L. JOHNSRUD, State Bar No. 184474<br>PATRICK SHERMAN, State Bar No. 229959<br>CURLEY & MULLEN, LLP<br>530 Lytton Avenue, 2nd Floor<br>Palo Alto, CA 94301<br>Telephone:     650.617.3268<br>Facsimile:     650.617. 3269<br>E-mail: bjohnsrud@curleymullen.com<br>            psherman@curleymullen.com<br><br>CHARLES F. BARKER, State Bar No. 70076<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>333 South Hope Street, 48th Floor<br>Los Angeles, CA 90071-1448<br>Tel:  213.620.1780<br>Fax: 213.620.1398<br><br>Attorneys for Defendants<br>KAG WEST, LLC, formerly BENETO BULK TRANSPORT LLC, and THE KENAN ADVANTAGE GROUP, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| RON MOWDY, JOAQUAN HARVEY, individually named and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>               vs.<br><br>BENETO BULK TRANSPORT, KENAN ADVANTAGE GROUP, INC.,<br><br>                    Defendants. | Case No. C06-05682 MHP<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  September 27, 2010<br>Time: 3:00 p.m.<br>Dept.: 15, 18th Floor<br>Judge: Hon. Marilyn H. Patel |

The parties to the above-entitled action jointly submit this case management conference statement in advance of the September 27, 2010 status conference:

## DESCRIPTION OF THE CASE

Plaintiffs Ron Mowdy, Joaquan Harvey, and the class plaintiffs ("Plaintiffs") are current and former employees of Defendant Beneto Bulk Transport, Inc. (now known as KAG West, LLC), a subsidiary of Defendant Kenan Advantage Group, Inc. Plaintiffs were and are employed to transport petroleum products in vehicles owned by Defendants. Plaintiffs allege that they were and are denied overtime wages, meal breaks, rest breaks, and are forced to work off-the-clock in violation of California and federal wage and hour laws. Defendants deny liability and damages, assert that their drivers were and are exempt from overtime under the Federal and California Motor Carrier Act exemption, and further assert that this case should not proceed on a class or collective basis.

## CLASS AND COLLECTIVE ACTION CERTIFICATION

**PLAINTIFFS' POSITION:**

On July 8, 2010, this Court certified plaintiffs' overtime, meal period, rest period, and off-the-clock claims under Federal Rule of Civil Procedure 23(b)(3). This Court granted conditional class certification of a FLSA opt-in class of approximately 850 drivers employed by Defendant KAG West on March 31, 2008. More than 350 drivers have opted-in to the class. The Court denied defendants' motion to decertify the FLSA opt-in class in its July 8, 2010 Order.

**DEFENDANTS' POSITION:**

On July 8, 2010, the court granted certification of the classes specified by Plaintiffs under Rule 23(b)(3) for the purpose of resolving a total of nine issues. The first four issues concern the overtime claim and address whether the defendants:

- are subject to the jurisdiction of the Secretary of Transportation;

- have a non-trivial amount of business that requires drivers to cross state lines;

- actively solicit business that requires drivers to cross state lines; and

1  • assign the routes to drivers that cross state line in an indiscriminate manner.
2  The Court also certified five issues regarding meal breaks, rest breaks, and off the clock
3  work.  The Court denied (without prejudice) Defendants' motion to decertify the FLSA opt-
4  in class.  The Court's Order contemplates that, depending on how some of the nine issues are
5  resolved, decertification of some classes may be appropriate.

**STATUS OF NINTH CIRCUIT APPEAL**

Defendants filed a Rule 23(f) Petition for Permission to Appeal the district court's class certification decision on July 21, 2010; Plaintiffs filed their Opposition on August 3, 2010; and Defendants filed their Reply in support of that Petition on August 6, 2010.  To date, the Ninth Circuit has not ruled on the Petition. The parties do not know if, what issues or when the Ninth Circuit will accept Defendants' appeal or, if an appeal is accepted, whether the Ninth Circuit will stay this case pending appeal.

**COMPLETED DISCOVERY**

Defendants took the deposition of eight opt-in class members in May–November 2009. Defendants also deposed named Plaintiffs Joaquan Harvey and Ron Mowdy, on May 10, 2007 and May 11, 2007, respectively.

Plaintiffs took FRCP 30(b)(6) depositions in June and July 2009 of Defendant managers Chet Friday, Craig Moore, William Nelson, and Ted O'Neill.  Plaintiffs have also deposed four putative class members from whom Defendants secured declarations.

Plaintiffs have engaged in extensive written discovery.  At Plaintiffs' request, Defendants have produced over three million pages of documents to Plaintiffs.

**SCHEDULED DISCOVERY**

Plaintiffs have spoken to Defendants about taking additional FRCP 30(b)(6) depositions of managers employed by Defendants identified during the 30(b)(6) depositions that have occurred thus far.

Plaintiffs have noticed depositions of corporate designees of The Archer Daniels Midland Company and Cargill, Incorporated for October 2010, though dates have not been confirmed. Plaintiffs expect that designees from these ethanol producers will testify as to the transportation

1  of petroleum products, specifically the sale and transport of ethanol into California.

2  Defendants anticipate producing additional load data regarding products such as ethanol to
3  further substantiate Defendants' position that drivers haul products in interstate commerce, and
4  Defendants anticipated taking depositions of witnesses who are knowledgeable about products in
5  interstate commerce.

6  Defendants plan to take an additional 7 class member depositions to prepare for its
7  summary judgment motion, its motion to decertify, and trial.

## EXPERT WITNESS DISCOVERY

9  Both sides are likely to designate expert witnesses on the issue of whether certain
10  shipments of certain petroleum products (including ethanol) are in the stream of interstate
11  commerce.  Plaintiffs have already offered the declaration of a proffered expert and
12  Defendants will take his deposition.  Both sides also are likely to disclose damages experts.

## MOTIONS

14  Plaintiffs expect to file a motion for leave to file an amended complaint in order to add a
15  claim of unlawful retaliation against named plaintiff Ron Mowdy.  Defendants agree to review
16  the proposed amended complaint before a motion to amend is filed but reserve their right to
17  oppose any proposed amendment.  In addition, both Plaintiffs and Defendants expect to file
18  motions for summary adjudication on certain of their claims and defenses

## ALTERNATIVE DISPUTE RESOLUTION

20  The parties engaged in unsuccessful private mediation sessions on February 5, 2009 and
21  September 19, 2009.  The parties do not have any mediation sessions scheduled at this time.

## MOTIONS TO DECERTIFY ONE OR MORE CLASSES

23  Defendants may file a motion to decertify the classes depending on several factors,
24  including (1) whether the Ninth Circuit grants interlocutory review and how it resolves any such
25  appeal, (2) how the district court rules on Defendants' anticipated summary judgment motion, and
26  (3) other legal developments such as the California Supreme Court's decisions in *Brinker*
27  *Restaurant v. Superior Court (Hohnbaum)*, S166350 (Cal.) and *Brinkley v. Public Storage*, 198
28  P.3d 1087 (Cal. 2009) (addressing whether employers must "ensure" that meal breaks are taken,

or whether meal breaks need only be "made available").

## PRE-TRIAL/TRIAL SCHEDULE

**PLAINTIFFS' POSITION:**

Plaintiffs have demanded a jury trial. Plaintiffs expect that the trial will take approximately 20 full days.

Plaintiffs propose the following pre-trial/trial schedule:

All fact witnesses except expert: April 30, 2011
(1) ~~Fact Discovery Cutoff: May 31, 2011;~~
   Disclosure of experts by May 31, 2011   *
(2) Last day for dispositive motions to be heard: ~~June 30, 2011~~; August 29, 2011
   Expert Discovery completed by June 30, 2011
(3) ~~Pre-Trial Conference: August 2011; and~~
(4) ~~Trial: September 2011, subject to Court availability.~~

**DEFENDANTS' POSITION:**

Defendants expect that the trial will take approximately 30 court days.

Until the Ninth Circuit rules on the Defendants' Rule 23(f) Petition, it is premature to set additional motion deadlines, pre-trial and trial dates as a decision to grant the Petition should stay the litigation. The parties agree to notify this Court when the Ninth Circuit issues on a decision on the Petition, which if granted should stay the litigation.

If, however, the court is inclined to set further deadlines at this time, Defendants propose the following pre-trial/trial schedule, subject to continuance if the Ninth Circuit grants Defendants' Rule 23(f) Petition:

(1) Fact Discovery Cutoff: April 30, 2011;
(2) Last day for dispositive motions to be heard: May 27, 2011;
(3) Last day for motions to decertify to be heard: September 16, 2011;
(4) Pre-Trial Conference: November 2011; and
(5) Trial: December 2011, subject to Court availability.

* including CVS and final reports

| | | |
|---|---|---|
| 1 | Dated: September 20, 2010 | MINAMI TAMAKI LLP |
| 2 | | |
| 3 | | By: _____/s/_____<br>        Jack W. Lee |
| 4 | | Attorney for Plaintiffs |
| 5 | | |
| 6 | Dated: September 20, 2010 | CURLEY & MULLEN LLP |
| 7 | | |
| 8 | | By: _____/s/_____<br>        BRIAN L. JOHNSRUD<br>        Attorney for Defendants |
| 9 | | KAG WEST, LLC, formerly BENETO<br>BULK TRANSPORT LLC, and THE |
| 10 | | KENAN ADVANTAGE GROUP, INC. |

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: 09/30/10

_____
UNITED STATES DISTRICT COURT JUDGE

Judge Marilyn H. Patel