UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON MOWDY, *et al.*, | No. C-06-5682 EMC |
| Plaintiffs, | |
| v. | **ORDER RE ISSUES FOR OCTOBER 21, 2011 HEARING** |
| BENETO BULK TRANSPORT, *et al.*, | |
| Defendants. | **(Docket No. 215)** |
| _____/ | |

Plaintiffs' motion for preliminary approval is currently set for hearing on October 21, 2011. The Court has reviewed the papers submitted by the parties with respect to that motion. Having reviewed the papers, the Court hereby orders that the parties be prepared to discuss the following issues at the October 21 hearing. In addition, where additional briefing is requested, it is so noted below. Any additional briefing shall be filed by October 12, 2011.

A.  Strength of Plaintiffs' Case

On pages 8 and 9 of their motion, Plaintiffs discuss, *inter alia*, the strength of their FLSA claim. It is not clear to the Court what discovery was done on the interstate/intrastate commerce issue. *See, e.g.*, Docket No. 192 (Order at 16) (noting Plaintiffs' "assert[ion] that according to defendants' own data, interstate hauls never accounted for more than 0.3% of all trips made by defendants' drivers in a given year"). In addition, Plaintiffs have not specifically explained how the federal law interpreting the Motor Carrier exemption is unsettled. *See, e.g.*, Docket No. 192 (Order at 16-17) (taking note of Plaintiffs' contention that Defendants engaged in only de minimis interstate

commerce and Defendants' contention that the de minimis exception is not applicable to "for hire" carriers). Additional briefing on these issues is requested.

### B. Amount Offered in Settlement

The motion identifies the amount of the settlement – *i.e.*, $14 million – but it is not clear from the papers what are the maximum damages that Plaintiffs could have obtained, assuming that they prevailed after a trial on the merits. Additional briefing on this issue is requested.

### C. PAGA Claim

On page 16 of their motion, Plaintiffs note that $50,000 were allocated to the PAGA claim. Plaintiffs also represent that this amount is fair based on their review of other cases. The supporting declaration, however, does not provide any details about those other cases, including whether they are sufficiently similar to the instant case. Additional briefing on this issue is requested.

### D. Anticipated Average Settlement Amount

The parties have explained how the settlement shall be distributed to the class and that there shall be no reversion to Defendants. However, it would be helpful to the Court to have information about the average settlement amount each class member is anticipated to receive – or at least the average amount per shift. Additional briefing on this issue is requested.

### E. Time to Opt Out or Object

Under the proposed settlement, class members have forty-five days from the date that the notice is mailed to opt out or object. The Court has some concern that this may be an insufficient amount of time given that the "limitations period" begins to run as of the date that the notice is mailed and there may be, at least initially, some undeliverables, etc.

### F. Expiration Date for Checks

Under the proposed settlement, checks expire after ninety days. Because any residue would not revert back to Defendants, a longer period should be given for the benefit of the class.

### G. Release

The proposed settlement provides for a release of, *inter alia*, claims for "other compensation or benefits including 401K benefits . . . ." Joint Stip. of Sett. ¶ 20. The Court understands this to be limited to claims for other compensation or benefits "claimed on account of alleged unpaid wages."

*Id.* If this understanding is not correct, the parties should inform the Court of such in supplemental briefing. If this understanding is correct, the parties should provide supplemental briefing estimating the amount of potential damages being given up here. *See* Part B, *supra*.

H. <u>Incentive Awards</u>

Under the proposed settlement, Plaintiffs as proposed class representatives would be eligible for incentive payments ($40,000 and $30,000 respectively). Plaintiffs should provide additional briefing on the following issues related to the incentive awards: the number of hours spent on the litigation and the claims being given up by Plaintiffs that are different from those being given up by the class (Mr. Mowdy at least has identified a claim for retaliation).

I. <u>Class Notice</u>

The Court has reviewed the language of the class notice and notes the following concerns.

1. <u>Cy Pres Beneficiaries</u>

The notice refers at several points to cy pres beneficiaries. *See, e.g.*, Notice at 2-3. Because this is a legal term, it may be more informative to the class not to use the term and instead simply to include language indicating that unclaimed funds will be donated to charities.

2. <u>FLSA Multiplier</u>

The notice explains that FLSA opt-ins are entitled to a multiplier, *see* Not. at 3, but does not include any language explaining why (*i.e.*, because of liquidated damages).

3. <u>Incentive Awards</u>

The notice does not explicitly state what incentive awards are being sought – *i.e.*, $1,000 for each member who was deposed, $40,000 for Mr. Mowdy, and $30,000 for Mr. Harvey. *See* Not. at 4.

4. <u>Attorney's Fees</u>

The notice does not explicitly state that fees in the amount of $3.85 million is being sought. *See* Not. at 4.

5. <u>Objections</u>

The notice states that an objector must provide certain information as part of his or her objection, including his or her date of birth. *See* Not. at 6. It is not entirely clear whether the

objector's date of birth is critical information or, if it is, then arguably there should be a provision allowing the objector to redact that information as part of the public filing with the Court.

### 6. Miscellany

The case number should be modified to reflect the undersigned's initials rather than Judge Patel's. In addition, the location of the courtroom should be modified to reflect the referral of the case to the undersigned.

IT IS SO ORDERED.

Dated: October 5, 2011

_____
EDWARD M. CHEN
United States District Judge

4